UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

In re:

MICHAEL ANTHONY WAGNER and          :          Case No. 04-21640T
PATRICIA E.F. WAGNER,
     *Debtor(s)*                                      :
---------------------------------------------------------
PAUL TROSTLE and DAWN TROSTLE,              :
Administrators of the Estate of
Jeremiah Trostle,                                         :
     *Plaintiff(s)*
                                                                    :
     *v.*                                             :          Adv. No. 04-2282
                                                                    :
MICHAEL ANTHONY WAGNER              :
     *Defendant(s)*
                                                                    :

## ORDER

AND NOW, this   3ʳᵈ   day of February, 2006, it is ORDERED that Defendant's

Motion in Limine to Strike the Report and Preclude the Testimony of Dr. Samuel Land, M.D. ("Dr.

Land") is GRANTED as the Court finds that Dr. Land's Report and testimony are hearsay and are

therefore inadmissible since Dr. Land's Report and testimony are based upon the opinion of another

expert, Dr. George Jackson, Ph.D. ("Dr. Jackson"), who is unavailable for cross examination, and

Dr. Land has no independent knowledge of the facts underlying Dr. Jackson's opinion, <u>see</u>

<u>Deposition of Samuel Land, M.D.</u>, October 12, 2005, at 23, 58-60, and his Report and Testimony

are not based upon his personal observation or firsthand knowledge.  See <u>Kurtz v. Mutschler</u> (<u>In re</u>

<u>Mutschler</u>), Adv. No. 93-2371, Bankr. No. 93-22121JKF, 1994 WL 463955 *2 (Bankr. W.D. Pa.

August 26, 1994)(court will not consider expert report where no witness was called to testify to the

facts and conclusions contained in the report and the report was not based on the expert's personal

observations or firsthand knowledge); see also Weaver v. Pheonix Home Life Mutual Ins. Co., 990

F.2d 154, 159 (4th Cir. 1993); United States v. Tomasian, 784 F.2d 782, 786 (7th Cir. 1986); Tokio

Marine & Fire Ins. Co. v. Norfolk & Western Railway Co., 172 F.3d 44 (Table), available at No.

98-1050, 1999 WL 12931 at *4 (4th Cir. January 14, 1999); American Key Corp. v. Cole Nat'l.

Corp., 762 F.2d 1569, 1580 (11th Cir. 1985); 6815 Acres of Land v. United States, 411 F.2d 834, 839

(10th Cir. 1969)(quoting Taylor v. B. Heller & Co., 364 F.2d 608, 613 (6th Cir. 1966)); In re Imperial

Credit Ind., Inc. Securities Litigation, 252 F. Supp. 2d 1005, 1012-13 (C.D. Cal. 2003)(Fed. R. Evid.

702 and 703 do not permit an expert to rely upon excerpts from another expert's opinion).[1]

IT IS FURTHER ORDERED that JUDGMENT ON THE COMPLAINT IS

---

[1]Here, Dr. Land concluded that Defendant was under the influence of alcohol at the time
of the accident; however he offers no independent factual basis to support his conclusion, but
instead relies upon and repeats the opinions of Dr. Jackson, who was not presented as a witness
at trial. Specifically, Dr. Land has not offered any facts to support his conclusion and he has not
described the methodology he used to arrive at his conclusion. Rather, Dr. Land's testimony is
based wholly on the facts, conclusions and opinions outlined in Dr. Jackson's report. To
explain, Dr. Land does not know the exact or approximate time that Defendant consumed his
first or last alcoholic beverage, the amount of time that transpired between the consumption by
Defendant of his first and last alcoholic beverage, the type of alcoholic beverage consumed by
Defendant, whether Defendant consumed the entire contents of each beverage or the amount of
food Defendant consumed prior to the accident. Hence, we conclude that Dr. Land's expert
testimony and report are based entirely upon the conclusions and opinions of a non-testifying
expert, Dr. Jackson, and since Dr. Land is unable to verify the facts underlying Dr. Jackson's
opinions, Defendant would be provided with no opportunity for meaningful cross examination of
Dr. Jackson's methodology, assumptions, conclusions and opinions. Therefore, Dr. Land's
report and testimony are inadmissible. See Kurtz v. Mutschler (In re Mutschler), Adv. No. 93-
2371, Bankr. No. 93-22121JKF, 1994 WL 463955 *2 (Bankr. W.D. Pa. August 26, 1994); see
also Tokio Marine & Fire Ins. Co. v. Norfolk & Western Railway Co., 172 F.3d 44 (Table),
available at No. 98-1050, 1999 WL 12931 at *4 (4th Cir. January 14, 1999); Weaver v. Pheonix
Home Life Mutual Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993); United States v. Tomasian, 784
F.2d 782, 786 (7th Cir. 1986); American Key Corp. v. Cole Nat'l. Corp., 762 F.2d 1569, 1580
(11th Cir. 1985); 6815 Acres of Land v. United States, 411 F.2d 834, 839 (10th Cir. 1969)(quoting
Taylor v. B. Heller & Co., 364 F.2d 608, 613 (6th Cir. 1966)); In re Imperial Credit Ind., Inc.
Securities Litigation, 252 F. Supp. 2d 1005, 1012-13 (C.D. Cal. 2003).

ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFFS[2] and the debt in issue

is declared to be DISCHARGEABLE under 11 U.S.C. §523(a)(6) and (9) as the Court finds that:

(1) Plaintiffs failed to meet their burden, under 11 U.S.C. §523(a)(9), of proving that Defendant's

operation of the motor vehicle at the time of the accident in question was unlawful because

Defendant was intoxicated from using alcohol, a drug or another substance[3];

---

[2]This Speaking Order constitutes the Findings of Fact and Conclusions of Law mandated by Fed. R. Bankr. P. 7052, which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Civ. P. 52.

[3]Plaintiffs first contend that the debt in issue should be found nondischargeable under 11 U.S.C. §523(a)(9), which states, in pertinent part, as follows:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt - -
> . . .
> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;
> . . .

Plaintiffs bear the burden of proving the elements of section 523(a)(9) by a preponderance of the evidence. Michigan Assigned Claims Facility v. Felski (In re Felski), 277 B.R. 732, 735 (E.D. Mich. 2002); Kurtz v. Mutschler (In re Mutschler), Adv. No. 93-2371, Bankr. No. 93-22121JKF, 1994 WL 463955 *3 (Bankr. W.D. Pa. August 26, 1994). In addition, to effectuate the "fresh start" policy underlying the Bankruptcy Code, exceptions to discharge are construed strictly against creditors and liberally in favor of debtors, see Konieczka v. Hodak (In re Hodak), 119 B.R. 516, 519 (Bankr. W.D. Pa. 1990). The question of whether the debtor was intoxicated under section 523(a)(9) is determined by applying state law. Whitson v. Middleton, 898 F.2d 950, 952 (4th Cir. 1990). At the time of the accident (July 16, 1997), Pennsylvania law provided that:

> (d) Presumptions from amount of alcohol. - - If chemical testing of a person's breath, blood or urine shows:
>
> (1) That the amount of alcohol by weight in the blood of an adult is 0.05 or less, it shall be presumed that the adult was not under the influence of alcohol and the adult shall not be charged with any violation under section 3731(a)(1), (4) or (5) (relating to driving under influence of alcohol or controlled substance) or, if the adult

was so charged prior to the test, the charge shall be void ab initio.
This fact shall not give rise to any presumption concerning a
violation of section 3731(a)(2) or (3) or (i).
. . .

75 Pa. C.S.A. §1547(d).

Turning to the facts before us, it is undisputed that blood alcohol tests performed on
Defendant after the accident revealed that he had a blood alcohol content of 0.04% and that
Defendant was never charged with unlawfully operating a motor vehicle while under the
influence of alcohol as defined in the Pennsylvania Motor Vehicle Code, see 75 Pa. C.S.A.
§3731.  In fact, as stated earlier, the law in effect in Pennsylvania at the time of the accident
prohibited the Commonwealth from charging Defendant with driving while under the influence
of alcohol since his blood alcohol level was under 0.05%.  See 75 Pa. C.S.A. §1546(d); see also
Locke v. Claypool, 627 A.2d 801, 804-05  (Pa. Super. 1993)(in civil cases that have admitted
blood alcohol tests to prove intoxication, the blood alcohol level was above .10%, the statutorily
presumptive level of unfitness to operate a vehicle); Whyte v. Robinson, 617 A.2d 380, 385 (Pa.
Super. 1992).  While Plaintiffs sought to introduce the expert report and testimony of Dr. Land to
establish that Defendant's extrapolated blood alcohol content was 0.08%, we previously ruled
that this evidence was inadmissible, see note 1, supra, and we further note that Pennsylvania
courts view evidence of extrapolated blood test results with skepticism. Locke, 627 A.2d at 805
("this court has viewed this type of expert testimony, which extrapolates blood test results, with
skepticism," citing Schwarzbach v. Dunn, 381 A.2d 1295, 1298 (Pa. Super. 1977)); see also
Commonwealth v. Jarman, 601 A.2d 1229 (Pa. 1992).  Accordingly, we conclude that Plaintiffs
failed to meet their burden of proving that their son's death was "caused by the [Defendant's]
operation of a motor vehicle ... [and that] such operation was unlawful because [Defendant] was
intoxicated from using alcohol, a drug, or another substance." (emphasis supplied).

As we have found that Plaintiffs failed to meet their burden of proving that Defendant's
operation of the motor vehicle was unlawful because Defendant was intoxicated from using
alcohol, a drug or another substance, we need not decide whether Plaintiffs were also required to
prove a causal connection between Defendant's alleged intoxication and the accident or between
Defendant's unlawful operation of a motor vehicle and the accident, see Felski, 277 B.R. at 739;
Mutschler, 1994 WL at *4.

Finally, we note that while Plaintiffs introduced other evidence in their attempt to prove
that Defendant's operation of the motor vehicle was unlawful because Defendant was
intoxicated, such as the testimony of several witnesses who testified that they smelled alcohol on
Defendant's breath after the accident, that Defendant looked confused and dazed after the
accident, that Defendant's speech was slurred after the accident and that Defendant did not
successfully complete the sobriety tests that were administered to him after the accident, we find
this evidence unconvincing for two reasons.  First, we find this evidence to be irrelevant since,
even if true, Defendant was not, and could not, be charged with the criminal offense of driving
under the influence in Pennsylvania since his blood alcohol level was under 0.05%, see 75 Pa.

and (2) Plaintiffs failed to meet their burden of proving that the debt in question constitutes a "debt

for willful and malicious injury" under 11 U.S.C. §523(a)(6)[4], <u>Kawaauhau v. Geiger</u>, 523 U.S. 57,

---

C.S.A. §1547(d), and therefore, we cannot find that Defendant's operation of his motor vehicle was unlawful as that phrase is used in section 523(a)(9).  Second, Defendant offered credible rebuttal evidence to establish that he was not intoxicated at the time of the accident, such as: (1) the testimony of Wendy Lukens, who testified that she never advised the police at the scene of the accident that she felt Defendant was intoxicated, that Defendant's speech was not slurred, that Defendant was able to walk without stumbling and that while she smelled alcohol on Defendant's breath, she had been in the presence of other people who had alcohol on their breath who were not intoxicated; (2) the testimony of Officer Horvath, who testified that Defendant did perform some of the sobriety tests correctly and that Defendant was not staggering at the accident scene; and (3) the testimony of Officer Sorrentino, who testified that Defendant did not have any problems walking after the accident.  In addition, Defendant testified during his deposition that he was shaken up after the tragic accident since he had just struck and killed Plaintiffs' son and that, as a result of the accident, he had glass in his hair, eyes and mouth and, since he was wearing flip flops, he also had glass all over his feet, all of which could supply a plausible explanation of his confused and dazed behavior, speech and appearance.

 For all of the foregoing reasons, we find that Plaintiffs failed to meet their burden of proving that Defendant's operation of the motor vehicle was unlawful because Defendant was intoxicated from using alcohol, a drug or another substance and therefore, we find the debt in issue dischargeable under section 523(a)(9).

---

 [4]Lastly, Plaintiffs argue that the debt in question should not be discharged pursuant to 11 U.S.C. § 523(a)(6), which states that a discharge in bankruptcy "does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity."  When a creditor challenges the dischargeability of a debt, the creditor bears the burden of proof and it is necessary that the creditor prove by a preponderance of the evidence that the debtor willfully and maliciously caused the injury in question.  <u>Grogan v. Garner</u>, 498 U.S. 279, 288 (1991); <u>DeMarco v. Grubb</u> (<u>In re Grubb</u>), Nos. 95-12946, Civ. A. 96-492, 1996 WL 230019, *2 (E.D. Pa. May 3, 1996).  In addition, consistent with the "fresh start" policy underlying the Bankruptcy Code,  exceptions to discharge are construed strictly against creditors and liberally in favor of debtors. <u>Equitable Bank v. Miller</u> (<u>In re Miller</u>), 39 F.3d 301, 304 (11th Cir. 1994).  Moreover, the United States Supreme Court has held that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of §523(a)(6)," <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 63 (1998), and that section 523(a)(6) should not be interpreted in a manner which would render section 523(a)(9) superfluous. <u>Kawaauhau</u>, 523 U.S. at 63. Here, we find that Plaintiffs have established that Defendant's conduct was, at most, negligent or reckless, which is insufficient to meet their burden under section 523(a)(6), and we therefore, find the debt dischargeable under this  section as well.

62 (1998)(debts arising from recklessly or negligently inflicted injuries do not fall within the compass of §523(a)(6); courts should not adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law and therefore § 523(a)(6) should not be interpreted in a manner which would obviate the need for §523(a)(9)).

Reading, PA

_____

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge